UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :
:
v. : CR 01-89 L
:
PETER D'AMBRA :

**REPORT AND RECOMMENDATION**

David L. Martin, United States Magistrate Judge

This matter has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) and 18 U.S.C. § 3401(i) for proposed findings of fact concerning whether Defendant Peter D'Ambra ("Defendant") is in violation of the terms of his supervised release and, if so, for a recommended disposition. In compliance with that directive and in accordance with 18 U.S.C. § 3583(e) and Fed. R. Crim. P. 32.1, hearings were conducted on June 13, and June 18, 2007. At the June 13 hearing, Defendant, both personally and through counsel, waived a violation hearing and admitted that he had violated the terms of his supervised release. Based on that admission, I find that Defendant has violated supervised release. For the reasons stated herein, I recommend that Defendant be sentenced to sixty (60) days imprisonment to be followed by a period of supervised release for twelve (12) months.

**Background**

On January 4, 2002, Defendant appeared before the Honorable Ronald R. Lagueux, Senior United States District Judge, after having pled guilty to Count I, possession of a sawed-off shotgun, a Class C felony, and Count II, manufacture of marijuana, a Class C felony. Judgement of 1/9/02 (Document ("Doc.") #8) at 1. Defendant was sentenced to thirty-three months incarceration, three years supervised release with a special condition that he participate in outpatient and inpatient substance abuse

treatment, and a $200 special assessment. Id. at 2-4.

On January 10, 2007, Count II of Defendant's supervision was modified to include a six month extension of supervised release and forty hours of community service to be completed at a rate of four hours per week for a period of ten weeks commencing on November 29, 2006. See Order of 1/10/07 (Doc. #13) at 1-2.

Supervised release commenced on January 16, 2004, with an expiration date of July 15, 2007. See Supervised Release Violation Report (the "Report") at 1. On or about May 11, 2007, U.S. Probation Officer David S. Borrelli ("U.S.P.O. Borrelli") initiated a Petition for Warrant for Offender under Supervision (the "Petition"), alleging that Defendant had violated four conditions of his supervised release. See Petition at 1-2. In response to the Petition, Judge Lagueux ordered the issuance of a warrant, see id. at 2, and on June 13, 2007, Defendant appeared on the warrant before this Magistrate Judge to answer to the Petition, see Docket.

**The Violation**

The Report alleges that Defendant has violated the following conditions of supervision in the manner indicated:

**Standard Condition: While on probation, Defendant shall not commit another federal, state, or local crime.**

Defendant operated a motor vehicle with a suspended license as evidenced by his April 12, 2007, arrest. As to this violation, on April 12, 2007, Defendant was observed operating a motor vehicle in Narragansett, Rhode Island, and was stopped by a police officer. As the officer was aware Defendant's license was suspended, he arrested him for operating an automobile with a suspended license.

**Condition #2: Defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month.**

Defendant submitted his April 2007, monthly supervision report on May 3, 2007, and he failed to report his April 12, 2007, contact with the Narragansett, Rhode Island, police on this document. As stated above, on April 12, 2007, Defendant was observed operating a motor vehicle in Narragansett, Rhode Island, and was stopped by a police officer who was aware that Defendant's license was suspended. The officer arrested Defendant for operating an automobile with a suspended license.

On May 3, 2007, Defendant submitted his April 2007, monthly supervision report. In Part E, Compliance with Conditions of Supervision During the Past Month, of the report, Defendant indicated that he was not questioned by law enforcement, nor was he named as a defendant in any criminal case.

**Condition #11: Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.**

Defendant failed to notify the probation office that he had been arrested on April 12, 2007. As to this violation, on April 19, 2007, U.S.P.O. Borrelli spoke with Narragansett Police Officer Silveria. Officer Silveria advised U.S.P.O. Borrelli that Defendant had been arrested for driving a motor vehicle with a suspended license on April 12, 2007. Defendant failed to notify U.S.P.O. Borrelli of his April 12, 2007 arrest.

**Special Condition: Defendant shall perform four hours of community service for a period of ten weeks as directed by the probation officer commencing on November 29, 2006.**

Defendant failed to complete his community service at a rate of four hours per week for ten weeks as evidenced by his outstanding community service balance of two hours on May 4, 2007. As to this violation, on November 29, 2006, Defendant met with U.S.P.O. Borrelli and waived a hearing to modify his conditions to include forty hours community service at a rate of

four hours per week for ten weeks. U.S.P.O. Borrelli directed Defendant to commence his community service immediately. Had he completed his community service hours in accordance with his conditions of supervised release, Defendant would have satisfied his hours by February 8, 2007. However, on May 4, 2007, Defendant submitted his April 2007, monthly supervision report indicating he had a community service balance of two hours.

**Travel**

On May 15, 2007, Judge Lagueux ordered the issuance of a warrant for Defendant to appear to answer to the Petition. See Petition at 2. The warrant was executed on June 13, 2007, see Doc. #17, and Defendant appeared before this Magistrate Judge on that same date. At that hearing Defendant was advised of the Petition and of the grounds for the alleged violation. Defendant, both personally and through counsel, waived a violation hearing and admitted to the violation. This admission satisfied the Court that there was an adequate basis for finding that Defendant had violated the conditions of supervision. The Government then made its sentencing recommendation, and Defendant requested a continuance of the matter until June 18, 2007. At the June 18 hearing, defense counsel made his sentencing recommendation. The Court then stated that it would issue a written report and recommendation. This is that Report and Recommendation.

**Law**

**Statutory Provisions**

Section 3583(e)(2) of Title 18 of the United States Code ("U.S.C.") provides that if the court finds a defendant to be a violator of the conditions of supervised release, the court may extend the term of supervised release if less than the maximum authorized term was previously imposed and may modify, reduce, or enlarge the conditions of supervised release, at any time prior

to the expiration or termination of the term of supervised release, pursuant to the provisions of the Fed. R. Crim. P. relating to the modification of probation and the provisions applicable to the initial setting of the terms and conditions of post-release supervision. In this case, the maximum term of supervised release on Count II is life. Therefore, supervised release can be extended for up to life.

Pursuant to § 3583(e)(3) of Title 18 of the U.S.C., the court may, after considering certain statutory factors set forth in § 3553(a), revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the court, pursuant to the Fed. R. Crim. P. applicable to revocation of supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release. However, a defendant whose term is revoked under this paragraph may not be required to serve more than two years in prison if the offense that resulted in the term of supervised release was a class C felony. Here Defendant was on supervision for a Class C felony. Thus, he may not be required to serve more than two years imprisonment upon revocation.

Section 3583(h) of Title 18 of the U.S.C. provides that when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under subsection (e)(3), the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release (here life),

less any term of imprisonment imposed upon revocation of supervised release. See id.

**Sentencing Guidelines**

Section 7B1.1 of the United States Sentencing Guidelines ("U.S.S.G.") provides for three grades of violations. Section 7B1.1(a) of the U.S.S.G. states that a Grade A violation consists of (A) conduct which is punishable by a term of imprisonment exceeding one year that (i) is a crime of violence, (ii) is a controlled substance offense, or (iii) involves possession of a firearm or destructive device; or (B) any other offense punishable by a term of imprisonment exceeding twenty years. Conduct consisting of any other offense punishable by a term of imprisonment exceeding one year constitutes a Grade B violation. Conduct constituting an offense punishable by a term of imprisonment of one year or less, or violation of any other condition of supervision, is classified as a Grade C violation. Section 7B1.1(b) provides that where there is more than one violation, or the violation includes more than one offense, the grade of violation is determined by the violation having the most serious grade. In this case, Defendant has committed a Grade C violation.

Pursuant to §7B1.3(a)(2) of the U.S.S.G., upon a finding of a Grade C violation, the court may revoke, extend, or modify supervision. Since Defendant has committed a Grade C violation, the Court may revoke, extend, or modify the conditions of supervision.

Should the court find that Defendant has committed a Grade B or C violation, §7B1.3(c)(1) states that where the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment or (B) a sentence of imprisonment that includes a term of supervised

release with a condition that substitutes community confinement or home detention according to the schedule in §5C1.1(e) for any portion of the minimum term. Should the court find that Defendant has committed a Grade B or C violation, §7B1.3(c)(2) states that where the minimum term of imprisonment determined under §7B1.4 is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in §5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment. The first provision, which allows for alternatives for any portion of the minimum term, applies to this matter.

According to §7B1.3(d), any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under §7B1.4. In this case, there is an outstanding fine balance of $173.14.

Section 7B1.3(g)(2) of the U.S.S.G. provides that where supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the court may include a requirement that the defendant be placed on a term of supervised release upon release from imprisonment. The length of such term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. See id. (citing 18 U.S.C. § 3583(h)). In this case, the authorized statutory

maximum term of supervised release is life. There has not been any term of imprisonment previously imposed for violations of supervised release. Therefore, the Court may impose a period of supervised release of up to life.

Pursuant to §7B1.4(a) of the U.S.S.G., the criminal history category is the category applicable at the time the defendant originally was sentenced to a term of supervision. In this instance, Defendant had a criminal history category of III at the time of sentencing. The Revocation Table contained in §7B1.4(a) of the U.S.S.G. provides that, for Grade C violations with a criminal history category of III, an imprisonment range of five to eleven months is warranted.[1]

Section 7B1.5(b) of the U.S.S.G. states that, upon revocation of supervised release, no credit shall be given toward any term of imprisonment ordered for time previously served on post-release supervision.

**Disposition**

**Recommendations By Government**

The Government recommended a sentence of eight months incarceration to be followed by thirty-six months supervised release. Additionally, the Government asked that Defendant be ordered to participate in outpatient and inpatient substance abuse treatment as approved by the probation office, that he submit to no more than seventy-two urine screens per year, and that he refrain from the use of alcohol or any other intoxicant. The Government also recommended that Defendant pay the remaining balance of his $3,000.00 fine.

---

[1] The Court of Appeals for the First Circuit has held that Chapter 7 policy statements (including §7B1.4) are advisory rather than mandatory. See United States v. Ramirez-Rivera, 241 F.3d 37, 40 (1st Cir. 2001); United States v. O'Neil, 11 F.3d 292, 302 n.11 (1st Cir. 1993).

**Defendant's Recommendation**

Defendant's counsel recommended that Defendant be sentenced to time served as of June 18, 2007. In support of this recommendation, defense counsel made the following points.[2] The Sentencing Guidelines are advisory, and the Court is not required to impose a sentence within the guideline range of five to eleven months. Counsel contended that there is no relation between that guideline range and the conduct which forms the basis for the present violation. (Presumably, defense counsel meant that the punishment provided by the guideline range is disproportionate to the violation conduct.) He noted that under state law a first offense of driving on a suspended license carries a maximum thirty day prison sentence[3] and that under the Sentencing Guidelines a charge of operating a motor vehicle is not even counted for purposes of determining criminal history.[4] Counsel further noted that the Rhode Island Supreme Court has stated that a defendant's act of driving after his license had expired "was not the type of antisocial behavior that would warrant the implementation of the prison sentence previously imposed." State v. Lanigan, 355 A.2d 917, 920 (R.I. 1975); see also State v.

---

[2] Defense counsel indicated that in making these points he was responding to statements by this Magistrate Judge which suggested that the Court viewed the charge of driving with a suspended license as the most serious violation and the one having the greatest effect on the Court's sentencing recommendation.

[3] See R.I. Gen. Laws § 31-11-18(c) (2002 Reenactment).

[4] Pursuant to U.S.S.G. §4A1.2(c)(1) an offense of driving without a license or with a revoked or suspended license is not counted unless the sentence imposed is a term of probation of at least one year or a term of imprisonment of at least thirty days. Under a revision to the U.S.S.G. which will take effect on November 1, 2007, unless Congress affirmatively takes action to stop implementation of the revision, the charge will only be counted if a sentence of more than one year probation or a jail sentence of at least thirty days is imposed. See Amendments to Sentencing Guidelines, May 11, 2007, at 91.

Santiago, 799 A.2d 285, 288 n.2 (R.I. 2002)("We stated in Lanigan that operating a vehicle without a valid driver's license was not the type of antisocial behavior 'standing by itself' that would warrant a finding of defendant as [a] violator."). Counsel also observed that when defendant was adjudicated in the state district court on the charge of driving on a suspended license, Judge Cenerini recommended that Defendant not lose his license as a result of that conviction.[5]

Defense counsel further noted that Defendant has now completed his community service and that he is in the forty-first month of his forty-two month term of supervised release. Counsel described the Government's recommendation of three additional years of supervision as excessive and opined that, at most, supervised release should only be extended for a reasonable period. He stated that there was no basis for the Government's recommendation that Defendant refrain from the use of alcohol or any other intoxicant as this has not been recommended by any treatment agency. Counsel noted that Defendant's last positive drug test was in February of 2006 and that it was for marijuana. Lastly, counsel noted that Defendant was employed up until the time he was detained and that if he were released immediately he may still have his job.[6]

---

[5] In response to the Court's question as to why Judge Cenerini would make such a recommendation when Defendant had been convicted less than four months earlier of the same offense, defense counsel indicated that such recommendations were commonly made in the state district court if a defendant is able to show that his license has been or can be reinstated. See Tape of 6/18/07 Hearing. Defense counsel explained that in many instances a defendant is unaware that his license has been suspended and that the reason for the suspension is an unpaid fine or other administrative matter which a defendant is able to rectify. See id.

[6] After defense counsel had made his sentencing argument, counsel for the government contended that making a false statement to a probation officer is a felony under 18 U.S.C. § 1001 and that Defendant had not merely failed to mention his April 12, 2007 arrest,

**Court's Recommendation**

To the extent that defense counsel sought to persuade the Court that Defendant's actions in operating a motor vehicle with a suspended license do not warrant a sentence within the Guideline Range of five to eleven months, counsel has succeeded. Given the recommendations by Superior Court Judge Nugent and District Court Judge Cenerini that Defendant not lose his license, see Criminal Docket Sheet Reports for case W2-2006-0545A and case 41-2007-01351,[7] the Court is no longer sure that Defendant's conduct in driving on April 12, 2007, evidences a disregard for the requirements of the law as the Court is uncertain that Defendant knew that his license was suspended on that date. In addition, the impending amendments to the Sentencing Guidelines indicate that the circumstances under which the offense of driving with a suspended license should be considered for purposes of determining criminal history is being further narrowed. Accordingly, the Court is persuaded that the most serious violation presented by the instant violation is not the offense of driving with a suspended license, but Defendant's submission of a monthly report which falsely stated that he had not been questioned by law enforcement or named as a defendant in any criminal case.

Notwithstanding the persuasiveness of defense counsel, the Court is unable to accept his recommendation that Defendant be sentenced to time served. Such a disposition would, in the view of this Magistrate Judge, be insufficient punishment for the violation. If a defendant believes that lying to his probation officer will only result in a few days in jail, it is unlikely

---

but had in fact submitted a monthly supervision report for that month in which he affirmatively indicated that he had not been questioned by law enforcement. See Tape of 6/18/07 Hearing.

[7] The Court has made these dockets hearing exhibits.

that he or other defendants will be deterred from doing so when they believe it is in their interest to do so. The penalty must be sufficient to make plain to Defendant that his failure to report his arrest to the probation office was not a de minimis matter.

After considering all the circumstances in this case, I recommend that Defendant be sentenced to sixty days imprisonment to be followed by a period of supervised release of for twelve months. The Court agrees with defense counsel that the three year period recommended by the Government is excessive, especially in light of the fact that Defendant's supervised release has already been extended once. See Order of 1/10/07 (Doc. #13) at 1-2. The Court is doubtful that a further extension beyond one year will have a beneficial effect.

I further recommend that as special conditions of supervised release Defendant shall: 1) participate in outpatient and inpatient substance abuse counseling as approved by the probation office and submit to no more than seventy-two (72) urine screens per year; and 2) pay the remaining balance of his $3,000.00 fine.

**Conclusion**

After considering the various factors set forth in 18 U.S.C. § 3553(a) and for the reasons expressed above, I recommend that Defendant be sentenced to sixty (60) days imprisonment to be followed by a term of supervised release for twelve (12) months with the special conditions stated above. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and of the right to appeal the district court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford

Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
June 25, 2007